IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00367-RBJ

GAYLE DUNN,

    Plaintiffs,

v.

ERIC K. SHINSEKI, Secretary, Department of Veterans Affairs,

    Defendant.

---

ORDER

---

This case concerns alleged retaliation against Gayle Dunn, an employee at the Department of Veteran Affairs ("the Agency"), after she filed a race discrimination lawsuit against her employer. Jurisdiction is proper under 28 U.S.C. § 1331. Ms. Dunn alleges that after she filed her lawsuit, the Agency retaliated by placing her on a Performance Improvement Plan, subjecting her to a period of probation, and ultimately terminating her. The Agency moves to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 15. For the reasons explained below, the Agency's motion is denied.

## I.  FACTS

Ms. Dunn first began working at the Department of Veteran Affairs in 2000 and transferred to her position at the Health Administrative Center in Denver, Colorado in March 2007. ECF No. 11 at ¶ 10. In November of 2010, Ms. Dunn filed a lawsuit against the Agency,

claiming that it had unlawfully failed to promote her on the basis of her race. *Id.* at ¶ 12. A timeline of the events that plaintiff alleges followed is helpful here:

| | |
|---|---|
| May 24, 2011: | Ms. Dunn was deposed by the Agency's attorneys. *Id.* at ¶ 13. |
| August 9, 2011: | Ms. Dunn received a memorandum from Supervisor Ellen Stewart informing her of a meeting on August 12, 2011 to develop a Performance Improvement Plan ("PIP"). *Id.* at ¶ 14. |
| September 1, 2011: | Ms. Dunn received a Warning of Unacceptable Performance and was placed on a PIP. *Id.* at ¶ 15. |
| November 15, 2011: | Ms. Dunn's counsel in her discrimination lawsuit submitted a motion to compel, including an affidavit from Ms. Dunn that reflected her recollection of conversations regarding deposition scheduling and asserted that Defendant's ongoing failure to produce certain witnesses for depositions had prejudiced her case. *Id.* at ¶ 16. |
| November 17, 2011: | Ms. Dunn received notice that her PIP was terminated, and she was placed on probation until the following August. *Id.* at ¶ 17. |
| November 18, 2011: | One of Ms. Dunn's supervisors, Stephen Morales, made comments to another supervisor stating that Ms. Dunn "thinks she has immunity because of that shit lawsuit she has" and that "her stats are going to be all jacked up." *Id.* at ¶¶ 18-19. |
| January 6, 2012: | Ms. Dunn's counsel responded to the Agency's summary judgment motion. *Id.* at ¶ 21. |
| May 31, 2012: | Ms. Dunn's discrimination lawsuit was dismissed on summary judgment. *Id.* at ¶ 22. |
| August 13, 2012: | The Agency notified Ms. Dunn that it was considering terminating her. *Id.* at ¶ 23. |
| August 28, 2012: | Ms. Dunn's counsel sent a letter to the Agency complaining of retaliation. *Id.* at ¶ 27. |
| November 30, 2012: | The Agency informed Ms. Dunn that she was being terminated, effective December 7, 2012. *Id.* at ¶ 28. |

Ms. Dunn claims that a number of these activities were protected by Title VII and that the Agency retaliated by placing her on a PIP, subjecting her to an extended period of probation, and ultimately terminating her.  *Id.* at ¶¶ 32–33.

## II.  DISCUSSION

### A.  Standard of Review

In reviewing a motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and construe them in the plaintiff's favor.  However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Allegations that are purely conclusory are not entitled to an assumption of truth.  *Id.* at 681.  However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard.  *See e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

### B.  Sufficiency of Pleadings

To establish a prima facie case of retaliation under Title VII, Plaintiff must show that "(1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action." *Vaughn v. Epworth Villa*, 537 F.3d 1147, 1150 (10th Cir. 2008).  The Agency argues that Plaintiff has failed to establish element (3).

To evaluate whether Ms. Dunn can demonstrate causation between a protected activity and an adverse employment action, the Court must first evaluate which of the events she alleges qualify as either.

### 1. **Protected Activity**

Title VII prohibits an employer from retaliating against an employee because the employee "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). This protection "is designed to ensure that Title VII protections are not undermined by retaliation against employees who use the Title VII process to protect their rights." *Vaughn*, 537 F.3d at 1151 (internal citations omitted).

Plaintiff has alleged a number of protected activities related to her participation in her discrimination lawsuit. The Court will briefly address each in turn:

- *Filing a discrimination suit on November 10, 2010 (ECF No. 11 at ¶¶ 12, 31).* Defendant does not dispute that filing a suit is a protected activity. ECF No. 15 at 5.

- *Giving deposition testimony in the discrimination case on May 24, 2011 (ECF No. 11 at ¶¶ 13, 31).* Giving deposition testimony, including in one's own case, constitutes protected activity. *McGowan v. City of Eufala*, 472 F.3d 736, 744 (10th Cir. 2006).

- *Through counsel, filing a motion to compel with her attached affidavit on November 15, 2011 (ECF No. 11 at ¶¶ 16, 31).* Plaintiff's own affidavit also qualifies as protected activity. The statute protects participation "in any manner" in a proceeding under Title VII. 42 U.S.C. § 2000e-3(a). Submitting an affidavit is essentially identical to giving deposition testimony and therefore is protected under the same reasoning. *See*

*McGowan*, 472 F.3d at 744; *see also Chawki v. NYC Bd. of Educ.,* 341 F. App'x 660, 661 (2d Cir. 2009) (finding that submitting an affidavit can constitute protected activity for purposes of establishing a prima facie case of retaliation).

- *Through counsel, filing a motion for summary judgment on January 6, 2012 (ECF No. 11 at ¶¶ 21, 31).* Plaintiff alleges in her complaint that "filing motions" in her discrimination suit is protected activity. ECF No. 11 at ¶31. However, she does not explicitly make such an argument in her Response. *See* ECF No. 16 at 3. Whether filing a motion for summary judgment constitutes protected activity is not relevant to the temporal analysis below because no alleged adverse actions followed soon after, and the Court need not decide this question at this time.

- *Through counsel, sending a letter to Defendant on August 28, 2012 claiming retaliation. (ECF No. 11 at ¶¶ 27, 31).* Sending a letter complaining of retaliation, even if through counsel, qualifies as a protected activity. *O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1255 (10th Cir. 2001).

In sum, filing the suit, plaintiff's deposition, her affidavit, and her letter all plausibly constitute protected activity.

### 2. Adverse Employment Action

"An adverse employment action includes acts that constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Dick v. Phone Directories Co.*, 397 F.3d 1256, 1268 (10th Cir. 2005). However, the Tenth Circuit "liberally define[s] the phrase 'adverse employment action'. . . . Such actions are not simply limited to

monetary losses in the form of wages or benefits. Instead, [the circuit] take[s] a case-by-case approach, examining the unique factors relevant to the situation at hand. One factor that strongly indicates a challenged action is an 'adverse employment action' is that the action causes harm to future employment prospects. Nonetheless, a mere inconvenience or an alteration of job responsibilities is not an adverse employment action." *Hillig v. Rumsfeld*, 381 F.3d 1028, 1031 (10th Cir. 2004) (internal citations and quotation marks omitted). Receiving negative performance evaluations can constitute an adverse employment action when they eventually serve as a basis for termination. *Toth v. Gates Rubber Co.*, 216 F.3d 1088, 1088 (10th Cir. 2000).

Ms. Dunn argues that several of the Agency's actions qualify as adverse employment actions: (1) being notified that she would be placed on a PIP and subsequently being placed on one, (2) being placed on probation, and (3) being terminated. The third, termination, is undoubtedly an adverse action. *Dick*, 397 F.3d at 1268. Additionally, the PIP and subsequent probation can also themselves constitute adverse actions. Plaintiff alleges that "[t]hose actions were ultimately used to terminate Plaintiff." ECF No. 11 at ¶ 10. Because these actions are akin to negative performance reviews and ultimately served as a basis for her termination, they qualify as adverse employment actions. *See Toth*, 216 F.3d at 1088. For these reasons, it is plausible that all three actions were adverse.

### 3. Causation

Causation can be shown by a "very close temporal proximity" between a protected activity and an adverse employment action. *O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001). Otherwise, the plaintiff must offer additional evidence to establish

6

causation. *Id.* One way to do so is by demonstrating a pattern of retaliatory conduct. *Meiners v. Univ. of Kansas*, 359 F.3d 1222, 1231 (10th Cir. 2004). For the reasons outlined below, the Court finds that the plaintiff has alleged sufficient facts to show causation by both temporal proximity and through a pattern of retaliatory conduct.

### a. Temporal Proximity

The Tenth Circuit has noted that "a one and one-half month period between protected activity and adverse action may, by itself, establish causation. By contrast, we have held that a three-month period, standing alone, is insufficient to establish causation." *O'Neal*, 237 F.3d at 1253 (internal citations omitted). Ms. Dunn alleges two pairs of events which fall within a three-month window and therefore could establish causation based on temporal proximity:

*(1) Deposition (May 24, 2011) and PIP Notice (August 9 and 12, 2011)*

Plaintiff argues that the time between when she received notice that she would be placed on a PIP (and participated in a meeting developing the PIP) and her deposition establishes temporal proximity. ECF No. 15 at 7. Although the deposition took place at the end of May and the plan to put Ms. Dunn on a PIP was not communicated to her until August, it is nonetheless plausible that the Agency decided to use the PIP as a means of retaliation because of her deposition testimony. The Agency argues that the meeting itself is not an adverse employment action. However, the meeting was set to develop a PIP, and it thus appears to have begun the process of placing Ms. Dunn on the plan. ECF No. 11 at ¶ 14. Plaintiff has alleged sufficient facts to present a plausible claim on these facts.

*(2) The Affidavit (November 15, 2011) and Probation (November 17, 2011)*

Similarly, it is plausible that Ms. Dunn's affidavit inspired retaliation two days later in the form of continued probation following the PIP. The Agency argues that "successful completion of the PIP is not the averse action on which Plaintiff's claim relies." ECF No. 22 at 4. However, following the PIP, Ms. Dunn was placed on probation through the following August and notified that she could be terminated if her job performance fell below a specified level. ECF No. 11 at ¶ 17. On these facts, Plaintiff has stated a plausible retaliation claim.

For both sets of events, the facts alleged plausibly support a claim premised on causation inferred from temporal proximity.

### b. Pattern of Retaliation

A plaintiff can also demonstrate causation by showing, through additional evidence, a pattern of retaliatory conduct beginning soon after the protected activity. *Meiners*, 359 F.3d at 1231 (10th Cir. 2004) (citing *Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 329 (10th Cir. 1996) ("the phrase 'closely followed' must not be read too restrictively where the pattern of retaliatory conduct begins soon after the filing of the FLSA complaint and only culminates later in actual discharge.")). The Agency argues that the phrase "additional evidence" requires Plaintiff to allege additional facts beyond those considered in the temporal proximity analysis. ECF No. 22 at 9–10. However, the temporal proximity analysis looks to individual pairs of events; the pattern of retaliation analysis considers the facts collectively to determine whether a pattern exists. Indeed, considering the timeline as a whole is precisely what would establish a pattern.

The court in *Meiners* analyzed only one pair of events under the temporal proximity analysis—the plaintiff's EEOC complaint and the denial of her tenure request—and then looked to one additional retaliatory event in its pattern of retaliation analysis, noting that this second

event was "not even an independently adverse action." *Meiners*, 359 F.3d at 1231. *Id.* at 1232. If it had been, as the court suggested would be more favorable to the plaintiff's pattern argument, it would have also been considered separately in the temporal proximity analysis. Thus the court there did not seem to consider a pattern argument based solely on events from the temporal proximity analysis problematic.

In this case, based on the timeline of protected activities and adverse employment actions, along with Mr. Morales' comments, Ms. Dunn has stated a plausible claim for retaliation premised on a pattern of conduct. Beginning in May 2011, Ms. Dunn actively participated in her discrimination lawsuit by providing deposition testimony and an affidavit. ECF No. 11 at ¶¶ 13, 16. After the lawsuit ended, she complained of retaliation. *Id.* at ¶ 27. During the same period, Ms. Dunn was placed on a PIP, subjected to an extended period of probation, and ultimately terminated. *Id.* at ¶¶ 15, 17, 28. Furthermore, one of the plaintiff's direct supervisors, Mr. Morales, made comments stating that "she thinks she has immunity because of that shit lawsuit she has" and that "her stats are going to be all jacked up." *Id.* at ¶¶ 18–19. These facts are sufficient at this stage to plausibly state a claim based on a pattern of retaliatory conduct.

The Agency makes much of the fact that Ms. Dunn does not specifically allege that Mr. Morales was the individual who took adverse action against her, and it argues that therefore his comments are not relevant to the causation analysis. ECF No. 16 at 8. However, an action need not independently serve as a basis for liability to be relevant in determining whether a pattern of retaliatory conduct exists. *See Meiners*, 359 F.3d at 1232; *Lee v. New Mexico State Univ. Bd. of Regents*, 102 F. Supp. 2d 1265, 1277 (D.N.M. 2000) ("Although not all of the actions complained of by Plaintiff constitute 'adverse employment action,' the Court finds that they are

relevant to proving causation in this case."). In any event, Plaintiff has alleged sufficient facts for a plausible retaliation claim on the basis of the factual timeline alone, and the Court need not address the parties' arguments on subordinate bias liability at this time.[1]

The Court finds that plaintiff's Complaint provides sufficient factual material to state a claim that is plausible on its face. Defendant's motion to dismiss [ECF No. 15] is DENIED.

DATED this 20th day of October, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

---

[1] The plaintiff also makes a pretext argument in her causation analysis. ECF No. 16 at 9–10. Since the Court has found that Ms. Dunn stated a plausible claim without considering pretext, the Court also need not address this point at this time.